**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1875**

AIMEE BARRETO,

　　　　　　Plaintiff - Appellant,

　　　　v.

SGT, INC.,

　　　　　　Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:17-cv-02716-PX)

Submitted:  August 31, 2020　　　　　　　　　　Decided:  September 11, 2020

Before GREGORY, Chief Judge, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul V. Bennett, BENNETT & ELLISON, P.C., Annapolis, Maryland, for Appellant. Andrew P. Hallowell, PARGAMENT & HALLOWELL, PLLC, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aimee Barreto, a woman of Puerto Rican descent who identifies as Hispanic or Latina, sued her former employer, SGT, Inc. ("SGT"), alleging racial/ethnic discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e to 2000e-17, and the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann. § 20-606 (2014 & Supp. 2019); retaliation in violation of the False Claims Act, 31 U.S.C. §§ 3729 to 3733; and retaliation in violation of Maryland common law. On appeal, Barreto challenges the district court's order denying Barreto's motion for sanctions due to the spoliation of evidence; denying Barreto's motion to compel the National Aeronautics and Space Administration (NASA), a third party, to comply with a subpoena; granting NASA's motion to quash the subpoena; and granting SGT's motion for summary judgment. We affirm.

Turning first to the district court's denial of Barreto's motion for sanctions due to the spoliation of evidence, "the district court's ruling must stand unless it was an abuse of the district court's broad discretion in this regard." *Turner v. United States*, 736 F.3d 274, 281-82 (4th Cir. 2013) (internal quotation marks omitted). "[T]he party disputing the district court's ruling[] bears the burden of establishing spoliation" by proving that the other party (1) "had a duty to preserve material evidence"; (2) "kn[ew] that the evidence was relevant to some issue in the anticipated case"; and (3) "willfully engaged in conduct resulting in the evidence's loss or destruction." *Id.* at 282. Upon a review of the record, we conclude that the district court properly found that Barreto failed to establish that the missing evidence ever existed or, if it did exist, that it supported her causes of action and

2

that SGT willfully engaged in conduct resulting in its loss. We therefore affirm the district court's denial of Barreto's motion for sanctions.

We turn next to the district court's denial of Barreto's motion to compel NASA to comply with her subpoena and the court's grant of NASA's motion to quash the subpoena. "When the government is not a party, the [Administrative Procedure Act (APA)] provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas." *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 274 (4th Cir. 1999). "The APA . . . permits a federal court to order a non-party agency to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *Id.* at 277. An agency's refusal is not arbitrary, capricious, or unlawful if it acts in accordance with valid internal regulations concerning third-party subpoenas. *See Boron Oil Co. v. Downie*, 873 F.2d 67, 71-72 (4th Cir. 1989).

NASA's internal regulations require the party issuing the subpoena to "furnish the Office of General Counsel a written, detailed statement of the information sought and its relevance to the proceeding in connection with which it is requested." 14 C.F.R. § 1263.103. Here, the record reveals that Barreto failed to provide NASA with a statement explaining the relevance of the information she sought in connection with the proceeding. Accordingly, NASA's decision not to comply with the subpoena was in accordance with its internal regulations and was not arbitrary, capricious, or unlawful. We therefore affirm the district court's denial of Barreto's motion to compel and grant of NASA's motion to quash.

Finally, we turn to the district court's grant of summary judgment in favor of SGT. We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted).[1]

Barreto first claimed that she received disparate treatment based on her race and/or ethnicity, in violation of Title VII and the MFEPA. Where, as here, there is no direct evidence of intentional discrimination, courts analyze disparate treatment claims under the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Under this framework,

> (1) the plaintiff must first establish a prima facie case of employment discrimination or retaliation; (2) the burden of production then shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the adverse action; (3) the burden then shifts back to the plaintiff to prove by a

---

[1] On appeal, Barreto argues that the district court should have delayed ruling on summary judgment until her then-pending discovery motions were resolved. *See* Fed. R. Civ. P. 56(d). However, because the district court properly denied Barreto's discovery motions, the court did not err in ruling on those motions concurrently with SGT's summary judgment motion.

preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory or retaliatory.

*Id.*

The district court assumed without deciding that Barreto had established a prima facie case of discriminatory termination.[2] The court, however, denied Barreto's claim on the ground that Barreto failed to establish that SGT's legitimate, nondiscriminatory explanation for the termination of her employment was pretextual. We agree with the district court's conclusion. Despite her arguments to the contrary, Barreto did not establish that she was treated differently than other similarly situated employees, *see Spencer v. Va. State Univ.*, 919 F.3d 199, 207 (4th Cir.), *cert. denied*, 140 S. Ct. 381 (2019), that a nexus existed between the termination of her employment and her supervisor's stray remarks about Puerto Ricans, *see Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 300 (4th Cir. 2010), or that SGT provided inconsistent explanations for her termination, *see Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019). Moreover, the district court correctly determined that SGT was entitled to an inference of nondiscrimination because the same decisionmaker had promoted Barreto less than two years before terminating her. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 619 n.9 (4th Cir.

___

[2] In her complaint, Barreto also alleged that SGT discriminated against her when it paid her a comparatively lower salary than similarly situated colleagues, assigned her menial work, and refused to provide her with a proper charge number to bill her hours. However, Barreto does not challenge the district court's denial of these claims on appeal, and she has thus forfeited review of the issues. *See* Fed. R. App. P. 28(a)(8); *Wilson v. Prince George's Cty.*, 893 F.3d 213, 218 n.6 (4th Cir. 2018).

5

2020) ("[A] strong inference exists that discrimination was not a determining factor for the adverse employment action taken by the employer where the hiring and firing took place close in time and involve the same decision makers." (internal quotation marks omitted)).[3] Accordingly, we affirm the court's grant of summary judgment in favor of SGT on Barreto's disparate treatment claim.

Barreto also challenges the district court's rejection of her retaliation claims under Title VII, the MFEPA, and the False Claims Act.[4] Under Title VII and the MFEPA, courts apply the same *McDonnell Douglas* burden-shifting framework to claims of retaliation that they apply to discrimination claims. *Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018). To establish a prima facie case of retaliation under this framework, a plaintiff must show that "(1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Id.* (internal quotation marks omitted). To bring a successful retaliation claim under the False Claims Act, a plaintiff must show that "(1) [s]he engaged in protected activity by acting in furtherance of a qui tam suit; (2) [her] employer knew of these acts; and (3) [her] employer took adverse action against [her] as a result of these

---

[3] Barreto's argument against such inference—that there was insufficient temporal proximity because she was terminated over a year after she was promoted—is meritless. *See, e.g.*, *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 211 (4th Cir. 1994) (finding that "plaintiff failed to overcome the strong inference of nondiscrimination arising from the fact that the same individual who discharged her had hired her with full knowledge of her disability only two years earlier").

[4] Barreto does not appeal the district court's rejection of her retaliation claim under Maryland common law.

acts." *Glynn v. EDO Corp.*, 710 F.3d 209, 214 (4th Cir. 2013) (internal quotation marks omitted).

The district court found that each of Barreto's retaliation claims failed because she was unable to establish a causal link between her protected activity and the termination of her employment. We agree. The record plainly reflects that Barreto was notified that her position with SGT was ending before she engaged in any allegedly protected activities. The fact that Barreto had not yet received an official termination letter or been notified of her end date is immaterial. The district court thus did not err in granting summary judgment in favor of SGT on Barreto's retaliation claims.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*